UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LUIS RICARDO MUNROE,

                       **Plaintiff,**

      -against-

NEW YORK UNIVERSITY, et al.

                       **Defendants.**

-------------------------------------------------------------X

25-CV-3431 (DEH)(SN)

ORDER

**SARAH NETBURN, United States Magistrate Judge**:

      On May 7, 2025, docketed May 9, 2025, Plaintiff filed a letter requesting that the Court intervene in his ongoing state court housing proceedings. ECF No. 11. Plaintiff asks that the Court "assert jurisdiction over my federal civil rights and ADA case before the state housing court proceeds with the eviction action filed by New York University." Id. at 1. The Court construes this to be a request from Plaintiff to enjoin his ongoing state court eviction proceedings.[1]

      This Court cannot grant "an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (the "Anti-Injunction Act" or "AIA"). The three exceptions named in the statute are narrowly construed. Allen v. New York City Hous. Auth., No. 10-cv-168 (CM)(DCF), 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010). Courts in this Circuit have regularly held that the Anti-Injunction Act bars a federal court from enjoining

---

[1] Because Plaintiff's complaint raises federal claims, the Court has directed Defendants to answer or respond to the complaint. The complaint and summons are in the custody of the United States Marshals for service on the named Defendants.

ongoing eviction proceedings in state court. See O'Neill v. Hernandez, No. 08-cv-1689 (KMW), 2008 WL 2963634, at *1 (S.D.N.Y. Aug. 1, 2008) (holding that AIA "bars this Court from enjoining Plaintiff's eviction proceedings"); Kristopher v. Stone St. Props., LLC, No. 13-cv-566 (RJS), 2013 WL 499752, at *4 (S.D.N.Y. Jan. 29, 2013) (holding that the AIA "bars the Court from enjoining state eviction proceedings, whether via a TRO or a preliminary injunction"); Bosch v. Lamattina, No. 08-cv-238 (JS)(AKT), 2008 WL 4820247, at *1, 8 (E.D.N.Y. Nov. 4, 2008) (holding that AIA barred federal district court from staying state court eviction proceedings against the plaintiff); Baumgarten v. Cnty. of Suffolk, No. 07-cv-539 (JS)(AKT), 2007 WL 1490482, at *3-5 (E.D.N.Y. May 15, 2007) (denying the plaintiff's request for a preliminary injunction because the AIA barred the court from disturbing the eviction proceedings against the plaintiff).

Accordingly, Plaintiff's request to have this Court enjoin or issue a stay on his state court housing proceeding is DENIED. Plaintiff is encouraged to contact the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project, which could either assist him or refer him to the City Bar Justice Center's Homeowner Stability Project or Veterans Assistance Project. The Project can be reached at (212) 382-4794.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:    May 12, 2025
          New York, New York